The New York Life Insurance Company

*v.*

Charles W. Rilling.

*Opinion filed December 20, 1905.*

Evidence—*what admissible as tending to show abandonment of contract.* Where one appointed agent of an insurance company for the special purpose of soliciting life insurance from a certain person resigns his agency after the company has declined the risk applied for, it is competent, in an action by him for commissions on a policy subsequently issued to such person on the solicitation of another agent, for the defendant to show that after the plaintiff resigned his agency he attempted to obtain a policy of insurance for the same person in another company.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lockwood Honore, Judge, presiding.

Edward O'Bryan, William N. Marshall, and Rufus S. Simmons, for appellant.

Newman, Northrup, Levinson & Becker, and C. E. Cleveland, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This was an action of assumpsit commenced in the circuit court of Cook county by the appellee, against the appellant, to recover certain commissions which he claimed were due him, as a solicitor for insurance, from the appellant. The appellee recovered a judgment in the trial court for the sum of $5684.10, which judgment, after a *remittitur* of $2966.60 had been entered in the Appellate Court, was affirmed by that court, and a further appeal has been prosecuted to this court.

It appears from the evidence that the appellee was in the employ of the Mutual Life Insurance Company of New York as a solicitor for life insurance in the city of Chicago;

that he solicited one George P. Braun, who resided in Chicago, and obtained from him an application to said Mutual Life for $100,000 insurance upon his life; that the Mutual Life declined the risk, whereupon appellee sought through Mr. Pearman, who was the Chicago agent of the New York Life Insurance Company, to place said insurance in said New York Life, and on the 16th day of July, 1902, the appellee, for the purpose of enabling him to obtain the commissions on said insurance should the New York Life insure Braun, was appointed agent for the New York Life. On the next day, through the appellee, Braun applied to the New York Life for $100,000 insurance. The company did not accept the risk for that amount but offered to issue Braun a policy for $10,000. Its counter-proposition was not satisfactory to appellee, and he declined to submit the proposition to Braun. Nothing more seems to have been done by appellee with reference to the Braun insurance until October 11, 1902, when he executed and delivered to the appellant the following instrument in writing:

"CHICAGO, ILL., *October 11, 1902.*
"*New York Life Ins. Co., New York, N. Y.*
"GENTLEMEN—Referring to the agreement that has been in existence between your company and myself, I wish to avail myself of the clause which gives me the privilege of terminating such agreement. Please have same take effect immediately. Please construe this as my resignation.         Yours truly,
C. W. RILLING."

On the 21st of July, 1903, Braun, through an agent of the New York Life in Chicago named Nichols, again made application to the appellant for $200,000 insurance on his life, which was accepted by the company, and four policies aggregating that amount were issued to Braun, for which he paid to the company $10,870 in cash as the first annual premium. Appellee claimed the New York Life secured the Braun insurance through his efforts, and he was entitled to the commissions provided to be paid him in his contract with the company bearing date July 16, 1902. The appellant

claimed that contract was terminated by appellee's resignation bearing date October 11, 1902, and that the Braun insurance was obtained some ten months after the termination of said agency, through the efforts of Nichols, and was a different kind of insurance from that applied for by Braun to the company through appellee and which had been rejected. The question, therefore, whether the appellee abandoned his efforts to insure Braun in the New York Life and his rights under said contract at the time he resigned as agent of said company and waived thereby any claim against the company based on the application made to the company by Braun through his efforts, became an important question on the trial. It, in fact, was one of the main grounds of defense relied upon by appellant. The appellee and appellant both understood appellee was only appointed as agent of the New York Life for the purpose of handling the Braun insurance. There was a conflict in the evidence as to what was said at the time appellee resigned as agent of the New York Life. Appellee testified, at the time he resigned he stated to Mr. Pearman he would not relinquish his rights to the Braun claim, and that Pearman said to him his resignation would not affect his claim for commissions on that insurance, and that as soon as the chief medical examiner of the company came to Chicago he would notify appellee, and appellee should bring Braun to the New York Life for examination. Mr. Pearman, and his assistant of the Chicago office, Mr. Greenwood, both testified that at the time appellee resigned he said he would do nothing more with reference to placing with the New York Life the Braun insurance, and that he made no reservations with reference to commissions on the Braun insurance.

The court, upon the trial, instructed the jury, if they should find, from the evidence, "that the letter of Rilling dated October 11, 1902, and the transactions and mutual understanding of the parties in connection with its signing and delivery, constituted an abandonment by Rilling of all

rights on the part of Rilling which had in the past or might in the future accrue to him by reason of the Braun insurance matter, then you will find the issues for the defendant."

The appellant called Braun as a witness, and offered to prove by him that after October 11, 1902, the date of Rilling's resignation, the appellee presented Braun to the Equitable Life, and that Braun through his efforts applied to said insurance company for $100,000 insurance upon his life and submitted to a medical examination with a view to obtain such insurance from said Equitable Life. This evidence the court declined to admit. In this we are of the opinion the court committed reversible error. The appellee was appointed agent of the New York Life for a special purpose. According to the theory of the appellant he endeavored to effect that purpose by obtaining insurance in said company upon the life of Braun for $100,000. The company declined to accept that proposition and made a counter one to issue upon Braun's life $10,000 of insurance. The appellee declined to present to Braun that proposition, and thereupon abandoned the attempt to effect insurance upon the life of Braun in the New York Life and all his rights under his appointment as agent. If appellee, soon after his resignation as agent of the appellant, attempted to effect insurance upon the life of Braun in an insurance company other than appellant's, such fact, we think, would be wholly inconsistent with the view that he was then endeavoring to effect insurance upon the life of Braun in appellant's company and considered the contract as to Braun still in force, but would be in entire harmony with the view he abandoned the attempt to effect said insurance in appellant's company and had canceled his appointment as agent of said company and released all his rights to commissions by virtue of said appointment. The testimony of Braun, had it been admitted, would therefore have tended to corroborate the witnesses of appellant whose testimony tended to show such an abandonment, and to support the defense by appellant that appellee,

at the time he resigned as agent, severed his connection with the company and waived his right to commissions under said contract, and should have been admitted.

The appellant has urged other grounds of reversal. The questions thus presented are not likely to occur on another trial, and as the case must be reversed for the reasons indicated we have not deemed it necessary to consider those questions.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court for a new trial.

*Reversed and remanded.*